IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

KIMBERLY JO DOLL,

    Plaintiff,

v.

SWN PRODUCTION COMPANY, LLC,

    Defendant.

Civil Action No. 5:23-cv-156

Judge Bailey

ELECTRONICALLY FILED
4/26/2023
U.S. DISTRICT COURT
Northern District of WV

## COMPLAINT

NOW COMES the plaintiff, Kimberly Jo Doll ("Plaintiff"), by her counsel Christian E. Turak of Gold, Khourey & Turak, L.C. and Daniel J. Guida of Guida Law Offices, and for her Complaint, states and alleges as follows:

### NATURE OF THE CASE

1. Plaintiff commences this action asserting a cause of action for oil and gas mineral trespass and conversion.

2. SWN Production Company, LLC, among other things intentionally, wantonly, recklessly, and/or negligently trespassed against Plaintiff by producing oil and gas minerals from her real property without her consent or the right to do so and converted her oil and gas minerals.

### PARTIES AND VENUE

3. Plaintiff Kimberly Jo Doll is an individual who resides in Brooke County, West Virginia.

4. Defendant SWN Production Company, LLC ("SWN") is a foreign limited liability company that is authorized to do business in West Virginia.

5. The United States District Court for the Northern District of West Virginia has jurisdiction pursuant to 28 U.S.C. § 1332(a), because there is complete diversity among the parties, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

6. Venue is appropriate in the United States District Court for the Northern District of West Virginia pursuant to 28 U.S.C. § 1391(b)(2), because the events or omissions giving rise to the claims herein occurred in the Northern District of West Virginia and the property that is the subject of this action is situated in Northern District of West Virginia.

## FACTUAL ALLEGATIONS

7. Plaintiff owns approximately 26.5 acres of real property, including oil and gas minerals, situate in Cross Creek District, Brooke County, West Virginia that is identified as district, tax map, and parcel number 4-CC23-204 (the "Property").

8. On or around December 18, 2020, SWN, itself and/or through its contractors, agents, or other persons or entities acting on its behalf, commenced drilling of the OV Royalty Trust LLC BRK 405H well, which is identified by API No. 47-009-00307 (the "Well").

9. The productive portion of the Well's wellbore passes within mere feet of the Property.

10. SWN intentionally hydraulicly fractured the Marcellus Shale underlying the Property to extract oil, gas, and/or other hydrocarbons therefrom.

11. SWN intentionally caused water, sand, proppants, chemical mixtures, and/or other things or substances to enter the Marcellus Shale underlying the Property with high pressure to extract oil, gas, and/or other hydrocarbons therefrom.

12. SWN intentionally created fractures and/or fissures within the Marcellus Shale underlying the Property to extract oil, gas, and/or other hydrocarbons therefrom.

13. SWN intentionally caused proppants and/or sand to enter the fractures or fissures created so that the fractures and/or fissures remain open and to extract oil, gas, and/or other hydrocarbons from the Property.

14. The Well began producing oil, gas, and/or other hydrocarbons in April 2021.

15. The Well has produced and continues to produce oil, gas, and/or other hydrocarbons from the Property.

16. SWN does not have an oil and gas lease or any other contract to produce oil, gas, and/or other hydrocarbons from the Property.

17. SWN neither has Plaintiff's permission nor the right to produce oil, gas, and/or other hydrocarbons from the Property.

18. SWN has not tendered or attempted to tender payment to Plaintiff for any oil, gas, and/or other hydrocarbons produced from her Property.

19. SWN has and continues to intentionally, willfully, recklessly, maliciously, and/or wantonly produce oil, gas, and/or other hydrocarbons from the Property.

## First Cause of Action
## WILLFUL TRESPASS

20. Plaintiff restates all preceding allegations as if set forth herein verbatim.

21. SWN intentionally, willfully, recklessly, maliciously, and/or wantonly hydraulicly fractured the Marcellus Shale underlying the Property to extract oil, gas, and/or other hydrocarbons therefrom.

22. SWN intentionally, willfully, recklessly, maliciously, and/or wantonly caused water, sand, proppants, chemical mixtures, and/or other things or substances to enter the Marcellus Shale underlying the Property with high pressure to extract oil, gas, and/or other hydrocarbons therefrom.

23. SWN intentionally, willfully, recklessly, maliciously, and/or wantonly created fractures and/or fissures within the Marcellus Shale underlying the Property to extract oil, gas, and/or other hydrocarbons therefrom.

24. SWN intentionally, willfully, recklessly, maliciously, and/or wantonly caused proppants and/or sand to enter the fractures or fissures created under the Property so that the fractures and/or fissures remain open and to extract oil, gas, and/or other hydrocarbons from the Property.

25. The Well has produced and continues to produce oil, gas, and/or other hydrocarbons from the Property.

26. SWN neither has Plaintiff's permission nor the right to produce oil, gas, and/or other hydrocarbons from the Property.

27. SWN knows or reasonably should know that it neither has Plaintiff's permission nor the right to produce oil, gas, and/or other hydrocarbons from the Property.

28. As a direct and proximate result of SWN's actions, Plaintiff continues to suffer damages each day that oil, gas, and/or hydrocarbon minerals are produced from her Property.

29. SWN knows or reasonably should know that, pursuant to this Court's order in *Stone v. Chesapeake Appalachia, LLC*, 12-CV-102, 2012 WL 2097397 (N.D.W.Va. April 10, 2013), "this Court finds, and believes that the West Virginia Supreme Court of Appeals would find, that hydraulic fracturing under the land of a neighboring property without that party's consent is not protected by the 'rule of capture,' but rather constitutes an actionable trespass."

30. Accordingly, SWN's production of oil, gas, and/or other hydrocarbons from the Property is a continuing and willful trespass.

31. Plaintiff is entitled to double trespass damages pursuant to W. Va. Code § 61-3B-3(g).

### Second Cause of Action
### CONVERSION

32. Plaintiff restates all preceding allegations as if set forth herein verbatim.

33. Plaintiff owns the oil, gas, and/or other hydrocarbons underlying her Property.

34. By producing Plaintiff's oil, gas, and/or other hydrocarbons without her permission or the right to do so, SWN has intentionally, willfully, recklessly, maliciously, and/or wantonly deprived Plaintiff of her oil, gas, and/or other hydrocarbons.

35. As a direct and proximate result of SWN's actions, Plaintiff continues to suffer damages each day that oil, gas, and/or hydrocarbon minerals are produced from her Property.

### PRAYER FOR RELIEF

*WHEREFORE*, Plaintiff prays for the following relief:

a. Judgment against SWN for compensatory, special, punitive, double damages pursuant to W. Va. Code § 61-3B-3(g), and any other damages in an amount that this Court and a jury deem fair, just, and equitable;

b. The costs and disbursements of this action, including reasonable attorneys' fees;

c. Pre-judgment and post-judgment interest; and

d. Such other and further relief as this Court deems fair, just, and equitable.

### PLAINTIFF DEMANDS A TRIAL BY JURY

/s/Christian E. Turak
Christian E. Turak (#12633)
GOLD, KHOUREY & TURAK, L.C.
510 Tomlinson Avenue
Moundsville, WV 26041
T:  (304) 845-9750
F:  (304) 845-1286
E:  cet@gkt.com

Daniel J. Guida (#4604)
GUIDA LAW OFFICES
3374 Main St.
Weirton, WV 26062
T:  (304) 748-1213
F:  (304) 748-1225
E:  guidalaw@comcast.net
***Attorneys for Plaintiff***